# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF WISCONSIN

CHRYSTAL EDWARDS, TERRON
EDWARDS, JOHN JACOBSON,
CATHERINE COOPER, KILEIGH
HANNAH, KRISTOPHER ROWE, KATIE
ROWE, CHARLES DENNERT, JEAN
ACKERMAN, WILLIAM LASKE, JAN
GRAVELINE, TODD GRAVELINE,
ANGELA WEST, DOUGLAS WEST, and all
others similarly situated,

                      Plaintiffs,

    v.

ROBIN VOS, in his official capacity as
Speaker of the Wisconsin State Assembly;
SCOTT FITZGERALD, in his official
capacity as Majority Leader of the Wisconsin
State Senate; STATE OF WISCONSIN;
WISCONSIN STATE ASSEMBLY;
WISCONSIN STATE SENATE;
WISCONSIN ELECTIONS COMMISSION;
MARGE BOSTELMANN, JULIE M.
GLANCEY, ANN S. JACOBS, DEAN
KNUDSON, ROBERT F. SPINDELL, JR.,
and MARK L. THOMSEN, in their official
capacities as members of the Wisconsin
Elections Commission, and MEAGAN
WOLFE, in her official capacity as the
Administrator of the Wisconsin Elections
Commission,

                      Defendants.

Case No. 20-CV-340

# MEMORANDUM OF DEFENDANTS WISCONSIN ELECTIONS COMMISSION, MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S. JACOBS, DEAN KNUDSEN, ROBERT F. SPINDELL, JR., MARK L. THOMSEN AND MEAGAN WOLFE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT AGAINST THEM

The above-named defendants, the Wisconsin Elections Commission ("WEC"), WEC Commissioners Bostelmann, Glancey, Jacobs, Knudsen, Spindell and Thomsen, and WEC Administrator Wolfe, the individuals being sued in their official capacity, have filed a motion to dismiss the amended complaint against them for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. Proc. For the following reasons, the WEC defendants respectfully request that their motion be granted.

**I.    BACKGROUND: ALLEGATIONS IN THE AMENDED COMPLAINT.**

The plaintiffs filed their amended complaint on May 4, 2020, alleging two claims for relief. (Dkt. No. 5.) The first claim is brought pursuant to 42 U.S.C. § 1983 and alleges violations of the plaintiffs' voting rights under the Constitution's First and Fourteenth Amendments. (Id., ¶¶ 90-113.) The second claim asserts violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* in relation to voting procedures. (Id. ¶¶ 114-132.) In addition to the WEC defendants, the named defendants are: Robin Vos, in his official capacity as Speaker of the Wisconsin State Assembly; Scott Fitzgerald, in his official capacity as Majority Leader of the Wisconsin State Senate; the Wisconsin State Assembly; and the Wisconsin State Senate.

The amended complaint is a putative class action seeking damages as well as declaratory and injunctive relief. Specifically, the plaintiffs seek a judgment awarding monetary damages pursuant to the ADA for alleged injuries stemming from the decision to hold the Wisconsin Presidential Primary and Spring Election ("Spring Election") on April 7, 2020. (Id., Prayer for Relief ¶ a.) They also seek a judgment requiring compliance with the ADA and the establishment of constitutionally sufficient voting procedures at upcoming 2020 elections. (Id. ¶ 1, Prayer for Relief ¶ c.)

The crux of the amended complaint concerns the Spring Election, and in particular the alleged conduct of the Legislative defendants. For example, the plaintiffs contend "that there is no compelling justification, let alone rational basis" for not having postponed the Spring Election in the midst of the COVID-19 pandemic. (Id. ¶ 5.) They allege that the refusal to postpone the Spring Election was for "clearly political reasons." (Id. ¶ 7.) They allege that despite the Governor's request that they do so, defendants Vos and Fitzgerald "refused to call the Assembly and Senate into session to consider an alternative approach to the Spring Election." (Id. ¶ 58.) They allege that "the Legislative Defendants deprived thousands of Wisconsin citizens of their fundamental constitutional right to vote and their rights under the Americans with Disabilities Act…" (Id. ¶ 61.) They assert that "(t)his legislative **inaction** forms the heart of this case, because the failure of the State and the Legislative Defendants to postpone the Spring Election or otherwise establish balloting procedures to ensure that all qualified voters could vote directly caused the deprivation of the constitutional and statutory rights of the Plaintiffs and the class members they seek to represent, and threatens to cause those injuries to recur in the Future 2020 Elections." (Id., ¶ 65)(emphasis original.)

The amended complaint lacks specific allegations as to what the WEC defendants could or should have done relative to the timing of the Spring Election. The amended complaint also acknowledges that the WEC defendants lack control over the injunctive remedies the plaintiffs and putative class members seek:

> Given their exclusive authority under Wisconsin law as interpreted by the Wisconsin Supreme Court over controlling the mode, method, and timing of Wisconsin Elections, the Legislative Defendants should be ordered to establish procedures for the Future 2020 Elections that are reasonable, fair, and constitutionally sufficient given the pandemic.

(Id. ¶ 96.)

## II. LEGAL STANDARDS APPLICABLE TO MOTION TO DISMISS.

The standard of review applicable to a motion to dismiss based on lack of subject matter jurisdiction was summarized as follows in *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995):

> When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir.1993). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir.1993) (per curiam) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979)); see also Rennie v. Garrett, 896 F.2d 1057, 1057–58 (7th Cir.1990). We review de novo the district court's dismissal of an action under Rule 12(b)(1). *Bailor v. Salvation Army*, 51 F.3d 678, 684 (7th Cir.1995).

A motion to dismiss pursuant to Rule 12(b)(6) should be granted where, accepting all well pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff, the plaintiff can prove no set of facts entitling him/her to relief. *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).

## III. THE COURT LACKS SUBJECT MATTER JURISDICTION IN REGARD TO THE INJUNCTIVE RELIEF SOUGHT.

A. <u>There Must Be An Actual Controversy Between The Parties In Order For The Court To Have Subject Matter Jurisdiction.</u>

Article III, § 2 of the Constitution extends the judicial power of federal courts only to "cases" and "controversies." *Rock Energy Coop. v. Village of Rockton,* 614 F.3d 745, 748 (7th Cir. 2010). The Declaratory Judgment Act ("DCA"), one of the alleged bases of subject matter jurisdiction in this case (Dkt. No. 5, ¶ 10), may be invoked to resolve a "case of actual controversy' within a district court's jurisdiction. 28 U.S.C. § 2201(a). In this regard, the requirements of the DCA and Article III are coextensive. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-41, 57

S.Ct. 461 (1937); *Deveraux v. City of Chicago,* 14 F.3d 328, 330 (1994)(DCA tracks the cases and controversies requirement of Article III). Absent the existence of an actual, justiciable controversy between parties, a district court lacks subject matter jurisdiction. *Harris Trust & Savings Bank v. E-II Holdings, Inc.,* 926 F.2d 636, 640 (7th Cir. 1991).

A case presents an actual controversy when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Oneida Tribe of Indians v. Wisconsin,* 951 F.2d 757, 760 (7th Cir. 1991) (internal quote omitted). The legal interests of the parties in the alleged dispute is a key factor in determining whether an actual controversy exists which satisfies Article III requirements, mirrored by the DCA. The litigants must have adverse legal interests. *Aetna,* 300 U.S. at 240-241; *Muskrat v. United States,* 219 U.S. 346, 361, 31 S.Ct. 250 (1911). An actual controversy does not exist where a defendant does not take a position regarding the outcome of the case. *Muskrat,* 219 U.S. at 361.

As discussed below, the authority of the WEC defendants is defined and constrained by Wisconsin statutes. They have no authority to modify election laws, or even to take a substantive position as to whether laws governing the conduct of elections ought to be changed. Accordingly, as between the plaintiffs and the WEC defendants, there is no actual controversy in regard to the injunctive relief sought.

B. <u>The WEC Defendants Had No Authority To Alter The Spring Election And Have No Authority To Grant Or Oppose The Injunctive Relief Requested.</u>

The plaintiffs contend that the decision to hold the Spring Election violated the constitutional and statutory rights of the plaintiffs and putative class members. They allege that similar violations will ensue with respect to upcoming 2020 elections unless compliance with the ADA is mandated. The conduct of the elections at issue is governed by state law. *See, generally*

Wis. Stats. Ch. 5. The WEC, its individual members and administrator, have no power or authority to vote on or enact legislation. The Commission is responsible for administering Wisconsin's elections laws, except campaign financing laws. Wis. Stats. § 5.05(1). The Commission is empowered to investigate election law violations, file lawsuits related to enforcement of election laws, issue orders and promulgate administrative rules implementing Wisconsin's election laws. *Id.* The Commission had no power to enact any changes to the election laws in regard to the Spring Election, and it has no authority to change the law relative to the conduct of future elections.

The inappropriateness of suing WEC officials is illustrated by the fact that the Commission itself is bound by and unable to challenge or litigate the outcome of the injunctive relief sought in this case. The Commission is a creature of the statutes creating it and granting its powers. The Commission does not have the statutory authority to appeal any judicially mandated changes in elections procedures. Wis. Stats. § 5.05(5t). When faced with a binding state or federal court decision relating to election law the Commission's authority is confined to implementing the decision, issuing updated guidance to local election officials and voters, making formal advisory opinions, commencing rule-making or requesting an opinion from the Attorney General on the "applicability of the court decision." *Id.* The Commission has no authority to appeal any such decision.

The amended complaint also named as defendants the WEC's individual commissioners and its administrator. No commissioner may act individually to carry out any Commission function. Any action by the Commission, except an action relating to its own internal procedures, requires a two-thirds vote of the Commission. Wis. Stats. § 5.05(1e). Likewise, the Commission's administrator, even as the chief elections officer in the state, is not statutorily empowered to modify laws concerning the conduct of elections. The WEC Defendants will be bound by any decision the

Court makes which impacts the election laws implicated in this case, and thereafter issue whatever guidance may be appropriate pursuant to Wis. Stats. § 5.05(5t).

The amended complaint does not specify how future elections ought to be conducted to better allow those with disabilities to vote in-person. The precise nature of the injunctive relief sought is not specified. Vague injunctions that do no more than require parties to "follow the law" are disfavored. *EEOC v. AutoZone, Inc.*, 707 F.3d 824, 841 (7th Cir.2013) ("An injunction that does no more than order a defeated litigant to obey the law raises several concerns."). Presumably the plaintiffs envision relief entailing the modification of election laws and procedures, matters over which they acknowledge the WEC defendants have no control. Due to the statutory constraints on their authority, the WEC defendants take no position in this case as to whether the plaintiffs' are entitled to some form of prospective relief. Since the WEC defendants do not have legal interests adverse to the plaintiffs in regard to the issuance of injunctive relief, no actual controversy exists between them on that issue.

**IV. THE AMENDED COMPLAINT DOES NOT STATE A CLAIM FOR DAMAGES AGAINST THE WEC DEFENDANTS UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT.**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Discrimination in violation of Title II can be shown by the failure to make "reasonable modifications in policies, practices, or procedures. 28 C.F.R. § 35.130(b)(7)(i). In order to prove discrimination in violation of Title II, "a plaintiff must show: (1) that he is a qualified individual with a disability; (2) that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity; and (3)

that the denial or discrimination was by reason of his disability." *Lacy v. Cook County, Illinois,* 897 F.3d 847, 853 (7th Cir. 2018)(internal citations and quotations omitted).

In order to obtain a judgment for damages for a violation of Title II, a plaintiff must demonstrate "the intentional nature of the defendants' discrimination." *Lacy,* 897 F.3d at 856, citing *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross,* 486 F.3d 267, 278 (7th Cir. 2007). Intentional discrimination may be established by showing deliberate indifference. *Lacy,* 897 F.3d at 863. Proof of deliberate indifference requires evidence showing both 1) that the defendants knew that harm to a federally protected right was substantially likely; and 2) the defendants failed to act to prevent such harm. *Id.*

The basis of the claim for damages against the WEC defendants is that they "insist(ed) on allowing the Spring Election to proceed without consideration of that decision's impact on individuals with disabilities" (Dkt. No. 5, ¶ 120), and without affording the plaintiffs and putative class members reasonable accommodations to allow in-person voting. (Id., ¶¶ 121-131.) As discussed above, the WEC defendants had no control over the timing of the Spring Election. The amended complaint acknowledges that the Legislative defendants have "exclusive authority…over controlling the mode, method, and timing of Wisconsin Elections…" (Id., ¶ 96.) Since the WEC defendants had no power to change the timing or mode of the Spring Election, they cannot have failed to act to protect the plaintiffs' rights. Thus they could not have been deliberately indifferent with respect to the timing of that election.

The amended complaint does not specify what accommodations the plaintiffs sought or what the WEC defendants could have done to facilitate the plaintiffs' ability to vote in-person. Again, as discussed above, the WEC defendants have only those powers as expressed by statute. Conclusory allegations of discrimination by the WEC defendants, such as appear in the amended

complaint, are not sufficient to overcome a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009)(conclusory allegations "not entitled to be assumed true"). The claim for damages against the WEC defendants for alleged violations of the ADA should be dismissed.

## V. THE PLAINTIFFS' CLAIM FOR MONEY DAMAGES UNDER 42 U.S.C § 1983 IS BARRED BY SOVEREIGN IMMUNITY.

The WEC defendants adopt, and incorporate by reference, Section IV of the Legislative Defendants' Memorandum In Support Of Their Motion To Dismiss The Amended Complaint, Dkt No. 13.

## VI. CONCLUSION.

For the foregoing reasons, the WEC defendants respectfully request that the Court grant their motion to dismiss them as defendants in this case.

Respectfully submitted this 25th day of May, 2020

/s/ Dixon R. Gahnz
Dixon R. Gahnz, SBN: 1024367
Daniel P. Bach, SBN: 1005751
Terrence M. Polich, SBN: 1031375
Daniel S. Lenz, SBN: 1082058

LAWTON & CATES, S.C.
345 W. Washington Ave., Suite 201
Madison, WI 53701-2965
PH: 608-282-6200
Fax: 608-282-6252
dgahnz@lawtoncates.com
dbach@lawtoncates.com
tpolich@lawtoncates.com
dlenz@lawtoncates.com

Attorneys for Defendants
Wisconsin Elections Commission,
WEC Commissioners Bostelmann, Glancey,
Jacobs, Knudsen, Spindell and Thomsen,
and WEC Administrator Wolfe