IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRYSTAL EDWARDS, TERRON
EDWARDS, JOHN JACOBSON,
CATHERINE COOPER, KILEIGH
HANNAH, KRISTOPHER ROWE, KATIE
ROWE, CHARLES DENNERT, JEAN
ACKERMAN, WILLIAM LASKE, JAN
GRAVELINE, TODD GRAVELINE,
ANGELA WEST, DOUGLAS WEST,
and all others similarly situated,

                Plaintiffs,                OPINION AND ORDER

                                             20-cv-340-wmc

ROBIN VOS, SCOTT FITZGERALD,
WISCONSIN STATE ASSEMBLY, WISCONSIN
STATE SENATE, WISCONSIN ELECTIONS
COMMISSION, MARGE BOSTELMANN, JULIE M.
GLANCEY, ANN S. JACOBS, DEAN KNUDSON,
ROBERT F. SPINDELL, JR., MARK L. THOMSEN,
and MEAGAN WOLFE,

                Defendants,
   and

REPUBLICAN NATIONAL COMMITTEE
and REPUBLICAN PARTY OF WISCONSIN,

                Intervening Defendants.

This case is one of four lawsuits currently before this court challenging various aspects of Wisconsin's election administration in the context of the COVID-19 pandemic. *See Democratic Nat'l Comm. v. Bostelmann*, 20-cv-249; *Gear v. Knudson*, 20-cv-278; *Swenson v. Bostelmann*, 20-cv-459. Having already been permitted to intervene in two of those lawsuits, *see Democratic Nat'l Comm.*, 20-cv-249 (dkt. #85), *Gear*, 20-cv-278 (dkt. #58), the Republican National Committee and the Republican Party of Wisconsin ("the RNC/RPW") have moved to intervene in this suit as well, (dkt. #19). Given that defendants consent to the intervention and plaintiffs do not oppose it (dkt. #20), the court will grant the motion and establish a joint

status conference in this case to coincide with that in the other lawsuits.

The RNC/RPW principally argue that they should be allowed to intervene permissively under Federal Rule of Civil Procedure 24(b), although also argue in the alternative entitlement to intervention as of right under Rule 24(a). (*See* RNC/RPW Br. (dkt. #20) 2.) Permissive intervention is granted at the discretion of the court and requires only that (1) the motion be timely and (2) the applicant "has a claim or defense that shares with the main action a common question of law or fact." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (citing Fed. R. Civ. P. 24(b)(2)). In exercising its discretion, "[t]he Rule requires the court to consider 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,' but otherwise does not cabin the district court's discretion." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 803 (7th Cir. 2019) (quoting Fed. R. Civ. P. 24(b)(3)) (internal citation omitted).

Here, the RNC/RPW readily meet the two required elements of permissive intervention. First, their application is timely as they moved to intervene only eight weeks after the lawsuit was filed. *See Planned Parenthood of Wis., Inc. v. Kaul*, 384 F. Supp. 3d 982, 985 (W.D. Wis. 2019) (motion filed "approximately two and a half months after the complaint was filed" timely). Second, the RNC/RPW have a defense that shares common questions of law and fact with the main action -- namely, they seek to defend the challenged election laws to protect their and their members' stated interests in, among other things, the integrity of Wisconsin's elections. (*See* RNC/RPW Br. (dkt. #20) 5-8.)

Moreover, their intervention will not unduly delay the case as they have committed to filing no motion to dismiss and to following the same briefing schedule as defendants (*see* RNC/RPW Br. (dkt. #20) 5, 3), commitments which the court will enforce if necessary.

Especially in light of the fact that neither plaintiffs nor defendants oppose the intervention, this court finds no basis for inferring that intervention would prejudice the existing parties. *See Wausau Homes, Inc. v. Menning*, No. 17-CV-129-BBC, 2017 WL 2170256, at *1 (W.D. Wis. May 17, 2017).

Finally, the court will set a joint status conference below.

## ORDER

Accordingly, IT IS ORDERED THAT:

1) The Republic National Committee and Republican Party of Wisconsin's motion to intervene (dkt. #19) is GRANTED.

2) The court will hold a joint status conference with the parties in the present case, as well with the parties in case nos. 20-cv-249, '278, and '459, on Monday, June 29, 2020, at 10:00 a.m. The conference will be held via Zoom, and the court will require counsel for each of the cases to provide an email address for no more than two attorneys who will appear and speak for their respective parties. Other attorneys or parties may watch the conference via the court's live YouTube stream. https://www.youtube.com/channel/UCIvvwLooNn3UX_g9qHQP4bQ/live. The parties should be prepared to discuss a schedule for efficiently and fairly addressing plaintiffs' requests for a relief. In addition, to the extent possible, counsel for parties with aligned interests are *strongly* encouraged to discuss their positions in advance and designate a lead spokesperson by issue or otherwise. Finally, counsel are encouraged to meet before the June 29 conference (virtually or otherwise) and confer to discuss the best means to efficiently resolve any disputes well in advance of upcoming elections.

Entered this 23rd day of June, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge